**[J-97-2019] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,   :  No. 29 MAP 2019
                                          :
            Appellee             :  Appeal from the Order of the Superior
                                          :  Court at No. 856 EDA 2017 dated
                                          :  September 10, 2018 Affirming the
            v.                       :  Judgment of Sentence dated January 31,
                                          :  2017 by the Montgomery County Court of
                                          :  Common Pleas, Criminal Division, at
NAZEER TAYLOR,                    :  No. CP-46-CR-3166-2014
                                          :
            Appellant            :  ARGUED:  November 19, 2019

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BAER**                                          **DECIDED:  May 19, 2020**

I concur in most of the majority's conclusions, including its adoption of the Superior

Court's holding in *Commonwealth v. Brown*, 26 A.3d 485 (Pa. Super. 2011), that the Fifth

Amendment applies to juvenile transfer proceedings. Further, I find *Brown* convincing in

holding that the relevant immunity provision of the Juvenile Act does not provide juveniles

a guarantee of immunity that is coterminous with the Fifth Amendment privilege against

self-incrimination. *Brown*, 26 A.3d at 501. I write separately because, as explained below,

I would hold that the juvenile court in this matter committed prejudicial error by relying on

Taylor's refusal to admit guilt against him in its decision to certify Taylor to be tried as an

adult. Accordingly, unlike the majority, I conclude that there is no need to remand this

case to conduct a harmless error or a structural error analysis. Rather, for the reasons

discussed below, I would vacate the judgment of the Superior Court, reverse Taylor's

judgment of sentence, and, assuming that he has not committed other crimes that would

place him under the purview of the criminal justice system, order that Taylor be discharged.

A review of the record reveals that the juvenile court stated that it relied on Taylor's refusal to self-incriminate when making its decision to certify Taylor to be tried as an adult. Indeed, the juvenile court repeatedly emphasized that Taylor would not admit that he committed the offense and opined that this refusal was problematic because, *inter alia*: (1) time was essential for treatment; (2) if Taylor's denial continued, it would prevent effective treatment; and (3) Taylor's refusal to admit guilt would make it difficult to identify the depth of Taylor's problem for purposes of treatment. Notes of Testimony, 4/2/2014, at 112-15. Based on the foregoing, it is apparent that the juvenile court believed that Taylor's refusal to admit guilt made him less amenable to treatment and, thus, that Taylor should be tried as an adult.

I recognize that the juvenile court cited other permissible factors for its decision to certify Taylor to be tried as an adult, and that it is inherently difficult to determine the degree of emphasis that a fact-finding court places on a specific factor in making juvenile transfer decisions. Notwithstanding, in my view, the record sufficiently establishes that there is at least a "reasonable possibility" that the juvenile court's error "might have contributed" to its decision to certify Taylor to be tried as an adult; consequently, the error was prejudicial. *See Commonwealth v. Fulton*, 179 A.3d 475, 493 (Pa. 2018) ("Whenever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless.") (quoting *Commonwealth v. Story*, 383 A.2d 155, 164 (Pa. 1978)).

Accordingly, I would conclude that the juvenile court relied on a constitutionally impermissible factor in deciding to transfer Taylor to adult court and that this reliance was prejudicial. Given the forgoing, in my view, the Superior Court's erroneous judgment should be vacated. Rather than reach this conclusion, however, the majority instead

remands the matter to the Superior Court to analyze whether the error in this case constitutes structural error, *i.e.* an error that is so fundamental that it requires no harmless error analysis. *See Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991) (recounting constitutional errors that are not subject to harmless error review because they alter the structure within which a trial proceeds).

As I would simply reverse the Superior Court's erroneous ruling, I turn to the proper remedy in this case. Taylor has already reached age 21 and was, for all the reasons explained herein, improperly certified to be tried as an adult. Taylor argues that he should be discharged, a position the Commonwealth did not challenge in its brief to this Court. *See* Appellant's Brief at 38-42. I am constrained to agree. Taylor cannot be tried in criminal court because his alleged crimes occurred when he was a juvenile, and he was improperly certified. He cannot be transferred back to juvenile court for new certification proceedings because that court lost jurisdiction over this matter when Taylor reached age 21. *See* 42 Pa.C.S. § 6303 (Explaining that the Juvenile Act applies to, *inter alia*, proceedings in which a "child" is alleged to be delinquent or dependent); 42 Pa.C.S. § 6302 (defining "child," in relevant part, as "an individual who is under the age of 18 years [or] is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years."). Unfortunately, the only feasible relief at this juncture is to reverse Taylor's judgment of sentence and, assuming that he has not committed other crimes that would place him under the purview of the criminal justice system, direct that he be discharged.

Justices Donohue and Dougherty join this concurring and dissenting opinion.